UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>                       Plaintiff,<br><br>v.<br><br>LOS CHARROS, et al.,<br><br>                    Defendants. | Case No.:  19cv379-LAB (WVG)<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS DEFENDANT LOS CHARROS;**<br><br>**ORDER DENYING AS MOOT MOTION TO DISMISS; AND**<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL** |

The joint motion to dismiss Defendant Los Charros (Docket no. 6) is **GRANTED** and all claims against this Defendant are **DISMISSED WITHOUT PREJUDICE**.  As to these claims, the parties shall bear their own costs and attorney's fees.

Los Charros' motion to dismiss (Docket no. 3) is **DENIED AS MOOT**.

The remaining Defendant is East Valley Parkway Mall, LLC, alleged to be an owner of the property where Los Charros is located.  Plaintiff James Rutherford is bringing claims against the Mall under the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act.  Jurisdiction is based on the federal ADA claim, and the complaint asks the Court to exercise supplemental jurisdiction over

the state law claim. The complaint, however, does not plead facts to establish standing to bring an ADA claim against the Mall. If the Court lacks jurisdiction over Rutherford's federal claim, it exercise supplemental jurisdiction over his state law claim. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805–06 (9th Cir. 2001).

Plaintiff James Rutherford has filed numerous complaints in this District, and this Court has pointed out to him the necessity of pleading facts to establish standing. For example, it is not enough merely to allege that Rutherford "at times" uses a wheelchair, and to point out technical ADA violations in the parking lot and restroom that might affect someone who uses a wheelchair. *See Rutherford v. Econolodge*, 2019 WL 95029, slip op. at *4 (S.D. Cal., Feb. 27, 2019). To show the kind of concrete injury necessary to establish jurisdiction at the pleading stage, he must plead facts showing the likelihood that he would visit Los Charros again while using a wheelchair, and that the violations he alleges would be likely interfere with his full and equal use of the facilities. *See id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Chapman v. Pier One Imports (U.S.) Inc.*, 631 F.3d 954, 947 (9th Cir. 2011) (en banc)).

As to alleged ADA violations in the Los Charros restroom, the complaint does not allege facts reasonably suggesting that the Mall controls the restroom facilities or that if the Court were to order it to make changes, the Mall could do so. If injunctive relief against the Mall would be inappropriate, unavailable, or ineffective, Rutherford's ADA claims concerning ADA violations in the restroom would be moot. *See Leon v. Conexant Sys.*, 2016 WL 795885, at *3 (S.D. Cal., Feb. 29, 2016) (citing *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) and *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008)).

Rutherford is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdiction. He may do so by filing an amended complaint no later than **April 23, 2019** that remedies the defects this order has pointed out.

If he fails to show cause as ordered, this action will be dismissed.  If he does not intend to amend, he should either file a notice so stating, or a notice of dismissal.

   **IT IS SO ORDERED**.

Dated:  April 5, 2019

_____
Hon. Larry Alan Burns
Chief United States District Judge