UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>        Plaintiff,<br><br>v.<br><br>LOS CHARROS, et al.,<br><br>        Defendants. | Case No.: 19cv379-LAB (WVG)<br><br>**ORDER OF DISMISSAL** |

  Plaintiff James Rutherford filed this action February 26, 2019. He afterwards dismissed all claims against Defendant Los Charros restaurant, leaving East Valley Parkway Mall, LLC as the sole Defendant. He filed an amended complaint on April 23 including claims against the Mall only.

  On August 9, he sought entry of default against the Mall. That same day, the Court issued an order directing the Clerk not to enter default, and pointing out that Rutherford had not served the Mall. Instead, he served the restaurant a total of three times (twice with summonses and complaints intended for the Mall). The order pointed out that the restaurant's owner or owners would not likely have forwarded the duplicate summons to the Mall, and that the Mall likely had no idea it was being sued. The Court ordered him to show cause why this action should not be dismissed for failure to serve the Mall. *See* Fed. R. Civ. P. 4(m). The Court

pointed out that Rutherford was required to show good cause for his failure to serve, and that merely asking for more time to effect service would not amount to good cause. Unless he did so, the order cautioned, the Court would dismiss the action without prejudice as required by Rule 4(m).

Rutherford has now filed a response (Docket no. 13), which explains his failure to serve and asks for an extension of time in which to 1) withdraw his request for entry of default; and 2) serve the Mall via the California Secretary of State, as provided by Cal. Civ. Proc. Code § 416.10(d) and Cal. Corp. Code § 1702(a).

The response says Rutherford's process server attempted personal service on the Mall's agent at the correct home address, but asserts that service was impossible because the agent's home had a fence around it and the gate was locked. Then, the response says, Rutherford's counsel told the process server to serve the agent again, but "due to a miscommunication," the process server attempted to serve the Mall by delivering the papers to a restaurant employee. This, as the Court's order pointed out, was ineffective. "Before recognizing the mistake in service," Rutherford sought entry of default.

The response does not show good cause for the failure to serve. Many people have fences around their houses, and keep their gates locked for security or privacy. The response does not explain why this would make service on the agent at home impossible. Process servers use a variety of approaches to make contact with the people they are attempting to serve, such as ringing a call button or using an intercom (if one is available); asking neighbors or maintenance workers how to get access or when the person will likely be back; leaving notes or papers; and waiting outside a residence or returning at different times of day in the hope of encountering the person to be served. *See, e.g., De Kauwe v. Bergstrom*, 2019 WL 2206202, at *3 (Cal. App. 2. Dist., May 22, 2019);*Calvert v. Al Binali*, 29 Cal. App. 5th 954, 958 (Cal. App. 2 Dist. 2018); *Carter v. Anderson*, 2007 WL 2713833, at *4 (Cal. App. 4 Dist., Sept. 19, 2007).

The response also does not show reasonable diligence, which would be required before Rutherford could use the procedure outlined in Cal. Corp. Code § 1702(a). The process server's single visit to the agent's house, followed by two visits to the wrong location do not amount to reasonable diligence. *Am. Exp. Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011) ("Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'")

The error of serving the restaurant instead of the Mall might have been caused initially by an ordinary mix-up. The response does not explain the miscommunication, but regardless of how it happened, it is Rutherford's responsibility. *See Dale v. ITT Life Ins. Corp.*, 207 Cal. App. 3d 495, 501–02 (Cal. App. 4 Dist. 1989) (holding that a process server hired by a plaintiff is the plaintiff's agent, and the plaintiff is responsible for the process server's acts). But more significantly, Rutherford's failure to notice the repeatedly defective attempts at service resulted in a long delay that amounts to inexcusable neglect. Rutherford is charged with notice of the process server's acts. *Id.* at 501. But here, he also had actual notice in the form of two returns of service that, if he had read them with reasonable care, would have made clear that the Mall was not properly served. (Docket nos. 4 and 9.) His failure to do so is not excusable, particularly because he filed them in the docket and relied on them to seek entry of default against the Mall (*see* Docket no. 11), thereby certifying to the Court that he had read and understood them. *See* Fed. R. Civ. P. 11(b)(2) and (3).

The response does not show good cause for Rutherford's failure to serve the Mall within the time limit set by Fed. R. Civ. P. 4(m). And the alternative method of service Rutherford proposes to use would not be adequate, because he has not been reasonably diligent.

This action is therefore **DISMISSED WITHOUT PREJUDICE** for failure to serve the Mall. *See* Fed. R. Civ. P. 4(m). Rutherford's request to withdraw his

request for entry of default is **DENIED AS MOOT**, because the Court has already ruled on that request.

**IT IS SO ORDERED**.

Dated: August 16, 2019

_Larry A. Burns_
Hon. Larry Alan Burns
Chief United States District Judge